

NUMBER 13-18-00183-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSHUA CORBIN, Appellant,

v.

THE STATE OF TEXAS, Appellee.

**On appeal from the 252nd District Court
of Jefferson County, Texas.**

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria**

In 2010, appellant Joshua Corbin pled guilty to aggravated robbery, a first-degree felony. *See* Tex. Penal Code § 29.03(a)(2) (West, Westlaw through 2017 1st C.S.). The trial court placed Corbin on deferred adjudication probation for ten years and assessed a $1,000 fine. In 2018, the State filed a motion to revoke unadjudicated probation. Corbin pled true to allegations that he violated the terms of his probation by committing the

offense of aggravated assault-family violence and by failing to pay court-assessed fees. *See id.* § 22.01 (West, Westlaw through 2017 1st C.S.). The trial court adjudicated Corbin guilty and sentenced him to twenty-five years in the Institutional Division of the Texas Department of Criminal Justice. Corbin's counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF[1]

Corbin's appellate counsel has filed a motion to withdraw and a brief in support in which he states that he has diligently reviewed the entire record and has found no non-frivolous issues. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation of the record showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Corbin's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Corbin's counsel also informed this Court that he has: (1) notified Corbin that he has filed an *Anders* brief and a motion to withdraw, and that he

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

provided Corbin with copies of both; (2) informed Corbin of his right to file a pro se response and of his right to review the record preparatory to filing that response; (3) informed Corbin of his pro se right to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided Corbin with a form motion for pro se access to the appellate record, lacking only Corbin's signature.[2]  *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  Corbin filed a pro se response, in which he merely requests that he be sent to a substance abuse treatment facility instead of the Institutional Division of the Texas Department of Criminal Justice.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the record, and counsel's brief, and Corbin's pro se response, and we have found no reversible error.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Corbin's appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this opinion, counsel is ordered to send a copy of the opinion and judgment to Corbin and to advise him of his right to file a petition for discretionary review.[3] *See* Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
29th day of August, 2018.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see id.* R. 68.3, and should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.